Beockenbrottgh, J.
after stating the provisions of the marriage settlement, and the facts proved by the parol evidence (as above stated) said—I cannot well distinguish this case from that of Ridout v. Lewis. In that case, the wife received only two thirds of the pin-money settled on her, for several years; she complained that she was paid short, and the husband promised that she should have it at last. Lord Hardwiclce held, that when a wife accepts a payment short of what she is entitled to, or lets the husband receive what she has a right to receive to her separate use, her consent will be implied to that method of proceeding, but that her complaint that she had not her full allowance, and his promise, that she should have it at last, destroyed the implication, and the promise that she should have it at last, was an undertaking on his part that she should be paid the arrears. In the case before us, it does not appear that the wife received any part of that which was settled on her to her separate use; but she frequently demanded it, and the husband as often promised it to her; so that her consent to part with it to him without reimbursement, cannot be implied. I do not think this case comes within the rule in Moore's ex'x v. Ferguson. There, the wife did not, during the coverture, exercise any act of ownership over the property, nor interfere with the husband’s receipt of the profits: she did not complain of his receiving them, nor demand them, nor did he promise that she should afterwards have them. *41 Her consent was, therefore, implied, that her board and clothing, or her support and maintenance, during the coverture, should be deemed an equivalent for the profits of her separate estate.
I am of opinion, that the decree be reversed with costs, and a new account directed; in which, however, the commissioner should not allow interest on the estimated rents.